# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **In re:** ) | |
| ) | |
| **Meadowbrook Farms Cooperative,** ) | |
| ) | |
| **Debtor.** ) | |
| ) | |
| **THE CIT GROUP/BUSINESS CREDIT,** ) | |
| **INC.,** ) | |
| ) | |
| **Appellant,** ) | |
| ) | |
| vs. ) | **CIVIL NO. 10-623-GPM** |
| ) | |
| **GREAT LAKES PORK, INC.,** ) | |
| **JOHNSON-PATE PORK, INC., and** ) | |
| **LEHMANN BROTHERS FARMS, LLC,** ) | |
| ) | |
| ) | |
| **Appellees.** ) | |

## **MEMORANDUM AND ORDER**

**MURPHY, District Judge:**

This bankruptcy appeal came before the Court for oral argument on February 28, 2011. The Court orders the parties to file additional briefing and exhibits to clarify the arguments, representations, and submissions made during the hearing.

Appellant CIT Group/Business Credit, Inc. (CIT) is a secured creditor of the Debtor, Meadowbrook Farms Cooperative, which filed for bankruptcy under Chapter 7 on March 21, 2009. Appellees Great Lakes Pork, Inc., Johnson-Pate Pork, Inc., and Lehmann Brothers Farms, LLC (the PSA-Claimants) are livestock producers that sold hogs to the Debtor. The PSA-Claimants claim an interest in funds held by the bankruptcy trustee under the Packers and

Stockyard Act of 1921 (PSA), 7 U.S.C. §§ 181 *et seq*. Following a trial, the United States Bankruptcy Court for the Southern District of Illinois found that the PSA-Claimants are entitled to the funds under the PSA's trust protections. CIT appeals that decision.

Before the hearing, the Court understood the arguments of the parties to be based on a revised agreement between the PSA-Claimants and the Debtor that did not include express trust waivers. The Court understood those waivers to have been expressly included in previous agreements but excluded in the relevant agreement(s) because the PSA-Claimants specifically intended to be protected by the trust provisions. During the hearing, CIT tendered to the Court an agreement, which CIT states in the Index was executed on October 1, 2008, but which bears an effective date of September 16, 2008. This agreement is between the Debtor and Great Lakes Pork, Inc. Despite its title as a "Cash Uniform Marketing Agreement," the agreement includes express waivers and credit provisions. This agreement contradicts the facts and confounds the parties' arguments as the Court understood them at the time of the hearing. The Court had not seen this agreement, or any other revised or uniform agreement, before the hearing. While CIT designated the summaries of exhibits presented during trial -- specifically, bankruptcy court docket numbers 250 and 251 -- as part of its record on appeal, the Court cannot access those exhibits electronically through the bankruptcy court's docket.

Therefore, the Court **ORDERS** the parties to electronically file on the district court docket **on or before March 21, 2011**, all exhibits referenced in their initial briefs. The Court specifically is interested in:

1. Exhibit 2 – Uniform Marketing Agreement between MFC and Johnson-Pate Pork, Inc.
2. Exhibit 4 – UMA between MFC and Lehmann Brothers Farms, LLC
3. Exhibit 6 – UMA between MFC and Great Lakes Pork, Inc.
4. Exhibit 7 – Cash UMA between MFC and Johnson-Pate Pork, Inc.

5. Exhibit 8 – Cash UMA between MFC and Great Lakes Pork, Inc.
6. Exhibit 9 – Cash UMA between MFC and Lehmann Brothers Farms, LLC
7. Exhibit 34 – USDA Letter to CIT
8. Exhibit 36 – Aug. 1, 2008 Version of Cash UMA
9. Exhibit 55 – Great Lakes Pork Proof of Claim
10. Exhibit 59 – Great Lakes Pork Proof Demand Letter
11. Exhibit 62 – The CIT Group Proof of Claim
12. Exhibit 65 – List of UMA's dated 2/5/2009
13. Exhibit 201 – Amended Uniform Marketing Agreement
14. Exhibit 204 – Cash Uniform Marketing Agreement
15. Exhibit 205 – Cash Uniform Marketing Agreement (Revised)
16. Exhibit 212 – Amended Uniform Marketing Agreement (4/06)
17. Exhibit 215 – Cash Uniform Marketing Agreement (9/08)
18. Exhibit 219 – Amended Uniform Marketing Agreement
19. Exhibit 221 – Cash Uniform Marketing Agreement
20. Exhibit 223 – Account Settlement Sheets (12/16/08-1/26/09)

It is unclear from the arguments presented which agreement(s) each party believes was in effect at the time of the disputed sales. The Court **FURTHER ORDERS** the parties to file **on or before March 21, 2011**, additional briefing to clarify the discrepancies noted herein and to narrow and define their arguments. The parties shall specify (1) whether there was a single agreement between the Debtor and the hog producers collectively or individual agreements between the Debtor and each producer and (2) which agreement(s) governed the disputed sales. The parties' briefs shall not be limited to these two issues. The parties shall attach as exhibits to their briefs the agreements on which they are relying.

**IT IS SO ORDERED.**

DATED: 03/11/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge